PAULINE LEVY v. THE STATE.

No. 5245.   Decided January 29, 1919.

**1.—Vagrancy—Insufficiency of the Evidence.**

Where the offense of vagrancy was based on the allegation that defendant was a common prostitute and was running a house of prostitution, it was incumbent on the State to show that she was a common prostitute, and sexual

intercourse with men on two or three different occasions would not support the conviction. Following Cox v. State, 205 S. W. Rep., 134.

### 2.—Same—House of Prostitution—Insufficiency of the Evidence.

Where the prosecution was based on an allegation that defendant was running a house of prostitution, and the evidence showed that she had ceased to do so at the time the offense was charged, the evidence fails to sustain the allegation, as vagrancy is a present condition or status and not a past condition. Following Cox v. State, supra.

### 3.—Same—Evidence—General Reputation.

Where defendant was charged as a vagrant in that she was a common prostitute and running a house of prostitution, the general reputation of some of her associates, and the general reputation of certain houses in that part of the city was inadmissible. Following Arnold v. State, 28 Texas Crim. App., 480, and other cases.

Appeal from the Corporation Court of Bowie, City of Texarkana. Tried below before the Hon. E. Newt Spivey, recorder.

Appeal from a conviction of vagrancy; penalty, a fine of two hundred dollars.

The opinion states the case.

*Mahaffey, Keeney & Dalby,* for appellant.—On question of general reputation, cases cited in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Love v. State, 150 S. W. Rep., 920.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with being a vagrant, in that she was a common prostitute, and also with running a house of prostitution. There were two other counts in the complaint, but as they were abandoned, are not discussed. She was convicted either with being a common prostitute or running a house of prostitution, or both. The court enters up his judgment to the effect that she was found guilty of being a common prostitute and running a house of prostitution, and her punishment fixed at a fine of $200, and this he recites in his judgment constituted her a vagrant.

The facts relied upon by the State do not show that she is a common prostitute. No witness testifies that she had intercourse with any man. The State upon this phase of it failed to make a case. Springer v. State, 16 Texas Crim. App., 591. The rule laid down in that case was followed by this court in Cox v. State, 205 S. W. Rep., 134. There was some evidence in the Cox case to the effect that appellant had intercourse on two or three occasions, but it was held that the evidence was not sufficient in that case under the showing made by the State that she was a common prostitute. Under the statute, in order to constitute her a vagrant under this allegation of the complaint, it would be necessary to show that she is a common prostitute.

In regard to the other charge, that she was running a den of prostitution, the facts disclose that some time in April she became possessed

of a house and opened a house for prostitution. This seems to have been justified on her part as far as the city authorities could do so. Of course, legally speaking, by an ordinance of the city, or by authority of the chief of police, a den of prostitution could not operate, for this would be in direct violation of the State law. The Legislature can not authorize a city to set aside the State penal laws. This has been the subject of many decisions as well as by express provision of the State Constitution. But she was notified by the chief of police on the 20th of May that she must cease running the house, which she did, and she testified thereafter she led a decent life and was not further concerned in that character of business. This complaint was filed against her on the 31st of July. If she ceased this immoral life of operating a house of prostitution as she stated on the 20th of May, then she was not guilty as a vagrant, and could not be punished for the past acts. Vagrancy is a present condition or status, and the imposition upon society consists in the fact that she is now a vagrant and not that she was heretofore a vagrant. This question was fully discussed and decided in Cox v. State, 205 S. W. Rep., 134. The State failed to show that she was operating a den of prostitution at the time of her arrest, or had been since notified by the chief of police on May 20th to cease. There is some evidence to the effect that there was a man in a bed in one of the rooms of the house that she owned, but there is no evidence of the fact that his being in there constituted that house one for prostitution. The State seems to have contended that because the man was in the house, and that her reputation was that of a common prostitute, that, therefore, they were justified either in convicting for being a common prostitute, or for running a den of prostitution. The facts are too feeble and weak to justify such conclusion. She was not shown to have had intercourse with the man, and she expressly denied it.

There are several bills of exception reserved to the ruling of the corporation judge wherein he admitted testimony of her general reputation, the general reputation of some of her associates, and the general reputation of houses in that part of the city. This testimony was not permissible under the allegations of this complaint. These matters have been quite frequently discussed and decided by this court, and held adversely to the ruling of the trial court. Arnold v. State, 28 Texas Crim. App., 480. As to the character of her associates being inadmissible, see Holsey v. State, 24 Texas Crim. App., 35, and Hudson v. State, 41 Texas Crim. Rep., 454. It has often been held that a witness can not state in a general way that a party is a common gambler. This would only state a conclusion. The facts should be stated. This was decided in Leatherman v. State, 49 Texas Crim. Rep., 486. For other authorities see Branch's Ann. P. C., vol. 2, p. 736. The court should have sustained the objections to all this testimony. It was error to admit it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*