### Mary Loo Cross v. The State.

No. 5413.      Decided June 11, 1919.

**1.—Vagrancy—Sufficiency of the Evidence.**

Where, upon trial of vagrancy, alleging that the defendant was a common prostitute, etc., the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Evidence—General Reputation—House of Ill-Fame.**

While the rule is that the fact that defendant was a common prostitute can not be established by proof of her reputation as such or of the reputation of the house in which she lived, yet where the allegation is that the house she kept was a disorderly one, evidence of its general reputation as such, while not sufficient alone to establish the fact, is admissible. Following Forbes v. State, 35 Texas Crim. Rep., 25, and other cases.

**3.—Same—Charge of Court—Objections—Misdemeanor.**

The rule in misdemeanor cases requires that omissions in the charge of the court shall be supplied by requested charges and in the absence of such charges, there was no reversible error.

Appeal from the County Court of Ellis. Tried below before the Hon. F. L. Wilson.

Appeal from a conviction of vagrancy; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, Judge.—The conviction is for vagrancy upon an information containing various counts, among them, that the appellant was a common prostitute, that she was a keeper of a house of prostitution.

There is legitimate and sufficient direct evidence to support the finding of the jury that she, was a common prostitute, that is, one who promiscuously submitted her person to the use of men for pay.

There are bills of exceptions reserved to the admission of evidence that the house kept by the appellant bore the general reputation of a house of ill-fame. The proposition that the fact that appellant was a common prostitute could not be established by proof of her reputation as such or of the reputation of the house in which she lived, is sound. Arnold v. State, 28 Texas Crim. App., 480; Leatherman v. State, 49 Texas Crim. Rep., 486; 14 L. R. A., (N. S.) 692. In support of the allegation that the house she kept was a disorderly one, evidence of its general reputation as such, while not sufficient alone to establish the fact, was admissible. Forbes v. State, 35 Texas Crim. Rep., 26; Ramey v. State, 39 Texas Crim. Rep., 200; Golden v. State, 34 Texas Crim. Rep., 143; O'Brien v. State, 55 Texas Crim. Rep., 432; Branch's Crim. Law, sec. 281.

There are some objections to the court's charge, but the rule in misdemeanor cases requires that omissions in the charge should be supplied by requested charges. This, the bill preserved, shows was not done except in the instance in which the court was requested to exclude from the consideration of the jury evidence of several witnesses to facts which were admissible and relevant.

Finding no error, the judgment is affirmed.

*Affirmed.*