## JAMES C. GORMAN V. THE STATE.

### No. 10554.  Delivered June 1, 1927.

**1.—Burglary—Search and Seizure—Held Unlawful.**

Where two officers, without a cearch warrant or warrant for arrest entered a tourist's room, occupied by appellant and his co-defendant Barrett, and arrested both of them and searched and seized property, afterward identified as the fruits of the burglary, such search and seizure, and arrest, was unlawful.

**2.—Same—Continued.**

It therefore followed that the testimony as to what the officers found by reason of their search and seizure in the room so occupied by appellant and his co-defendant was not admissible, and motion of appellant to exclude same from the consideration of the jury should have been granted.  See Arts. 4, 4a and 325 C. C. P. 1925.

**3.—Same—Continued.**

Nor would the fact that after the search and seizure of the stolen property, the officers went before a justice of the peace and secured a search warrant, remove the original search from the inhibition of the law.

Appeal from the District Court of Scurry County.  Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for burglary, penalty five years in the penitentiary.

The opinion states the case.

*J. M. Harris* of Snyder, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted for the offense of burglary, and his punishment assessed at five years in the penitentiary.

On the night of November 9, 1925, the store of W. P. Simms was broken into, and various articles of merchandise were taken therefrom.  The evidence for the state shows that the appellant and one T. F. Barrett were arrested on November 11th in the town of Plainview, at which time they had in their possession the articles of merchandise taken from the Simms store, which said articles were identified by Mr. Simms as the property which had been stolen from his store.

The appellant testified in his own behalf that on the 7th of November he was going from Sterling City, Texas, to Big

Spring, travelling on foot; that he was overtaken by the said T. F. Barrett, whom he had never known before, and, on Barrett's invitation, got into the car with him, and they rode to the town of Big Spring, where they remained all night; that on the morning of November 8th he and Barrett left Big Spring in Barrett's car, reaching Lubbock the afternoon of the same day; that they remained in Lubbock the night of the 9th and all day the 10th, when they left Lubbock, and went to Plainview, arriving there on the evening of the 11th of November, two days after the alleged burglary, and drove into a camp yard, and rented a room, at which room appellant and Barrett were arrested; that at the time they were arrested they were both searched, and from the appellant the sheriff took twenty-five or thirty cheap rings, a jewelryman's stamp, and a small pocket knife. Appellant further testified that he had never seen any of the various articles alleged to be implements of burglary which were taken from his co-defendant Barrett; that the appellant did not know what was in the bundle in the back end of Barrett's car; that the first time he saw any of the goods alleged to have been stolen was on the night of the 11th of November; that he was on his way to the oil fields in Amarillo; that he accepted the invitation of Barrett to ride because Barrett was going in that direction. The appellant denied any knowledge of the stolen goods or how Barrett came into possession of them; that the car and said goods were claimed by Barrett as his property; that same were in a suit case and wrapped up in a roll in the back of the car.

There are in the record five bills of exception, each of which complains of the introduction of evidence illegally obtained by a search of the persons of appellant and his co-defendant Barrett, by a search and seizure of the suit case and bundle, and a search of their actual place of habitation, to-wit, a room which they had secured at a tourist camp in the town of Plainview.

These bills disclose that the sheriff of Hale County, and W. B. Jones, a special officer of the Sante Fe Railway, went to the room at the tourist camp occupied by the appellant and his co-defendant Barrett about nine o'clock on the night of November 11th, and arrested both of them without a warrant, and searched their persons, taking from them the burglary tools and six ounces of nitroglycerine. It is also shown that at the time the officers searched the persons of the appellant and his co-defendant, a bundle or roll containing part of the merchandise alleged to have been stolen from the store of Mr. Simms was lying on the floor in the camp house rented and occupied by the appellant and his co-defendant, and the suit case was under the bed. The officers

seized the suit case and the bundle and arrested the appellant and Barrett and took them to the office of the justice-of-the-peace, where the officers made affidavit and secured a search warrant, and thereupon searched the suit case and the bundle, in which they found the various articles of merchandise which were afterwards identified by Simms as his property. The bills further show that at the time of the arrest and of the search and seizure in the room occupied by appellant and Barrett, the officers had no search warrant, and none had been issued.

Appellant objected to the introduction of evidence as to what was found by the officers as a result of said search and seizure on the ground that the search and seizure was made without any search warrant, and that said evidence was illegally obtained. Appellant also filed a motion asking the court to instruct the jury not to consider the testimony of Sam Faith and W. B. Jones, the two officers who made the arrest, and who searched the persons of appellant and his co-defendant, and the room occupied by them, and seized their property while they were in their room, which motion the court overruled.

The search of the room occupied by appellant and his co-defendant, the seizure of the suit case and the bundle in said room, and the search of the persons of the appellant and his co-defendant before any search warrant had been issued and placed in the hands of the sheriff Faith and the special officer Jones was clearly in violation of Articles 4 and 4a, Code of Criminal Procedure, which reads as follows:

"Art. 4. The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

"Art. 4a. It shall be unlawful for any person, or peace officer, or state ranger, to search the private residence, actual place of habitation, place of business, person or personal possessions of any person, without having first obtained a search warrant as required by law."

The room occupied by appellant and the co-defendant, under the holdings of this court in Comer v. State, 26 Tex. Crim. Rep. 509, 10 S. W. 106, and Bordeaux v. State, 31 Tex. Crim. Rep. 37, 19 S. W. 603, was their private residence, and the officers had no right to search same without a search warrant. We do not intend to convey the idea that, under the facts of this case, the officers would have had a right to search the room without a search warrant if it had not been their private residence. The officers had

ample notice that appellant was in possession of stolen goods, and they would probably have had authority to search appellant and the co-defendant without a warrant, if they had bided the time when appellant abandoned the room, in view of the peculiar facts of this case and the provisions of Article 325, C. C. P., which reads as follows:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

It therefore follows that the testimony as to what the officers found by reason of their search and seizure at the room so occupied by appellant and the co-defendant was not admissible, and that the failure of the trial court to instruct the jury not to consider same was clearly error.

The fact that the sheriff and the special officer, after seizing the suit case and bundle, carried them to the office of the justice of peace, and there secured a search warrant before searching same does not alleviate the illegality of the act of the officers in searching the room occupied by appellant and his companion, and the seizing of the suit case and the bundle, and would not make the evidence secured by them by reason of the said search warrant admissible.

We do not want to be understood as holding that the evidence of W. P. Simms, and his wife, wherein they testified as witnesses for the state, identifying said merchandise as that which had been stolen from their store, is not admissible.

For the error discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.