JOHNNIE WRIGHT V. THE STATE.

No. 16652.   Delivered April 25, 1934.
Rehearing Denied May 30, 1934.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, five years in the penitentiary.

The venue of this case was properly laid in Hardeman

County where the property was stolen. See article 200, C. C. P.

It is alleged in the indictment that the car in question was received by defendant from some person unknown to the grand jury, by whom the car had been stolen. We have searched the record in an effort to find some testimony supporting the averment that the name of the party from whom appellant received the car was unknown to the grand jury, without success. Such averment is material, and must be proved when laid. Ireland v. State, 100 Texas Crim. Rep., 496. For the absence of such proof, the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In his motion for rehearing appellant requests that this court express an opinion with reference to the admissibility of the evidence which appears in his bill of exception No. 1. From that bill it is apparent that a deputy sheriff in Runnels County, who arrested the appellant at a point about five miles from Ballinger at about midnight, testified that on the following morning he found some bolt cutters and an emergency coil. They were not found in the car of which appellant was in possession. Appellant was not present when the articles mentioned were found. The arrest was made before daylight. After daylight the officer returned to the place at which the arrest was made and found the articles. The officer admitted that he never saw the articles in the possession of the appellant at any time. However, he stated: "I am going to tell the jury that it was his." The officer was also asked: "Q. What else did you get at that time that belonged to this defendant? A. I got some bolt cutters and emergency coil."

The injured party testified that his car was stolen at night and that it appeared that in opening the door of his garage a bolt cutter had been used.

As the bill of exception is presented, *the statement of the officer that the property belonged to the appellant seems to have been a mere conclusion or opinion of the witness.* Whether the finding of the articles would be admissible would be difficult for this court to determine from the bill of exception. The evidence as to their locality and the surroundings generally is quite meagre. Manifestly, if the bolt cutter was found under circumstances from which it might be reasonably inferred that it had been in the possession of the appellant, the finding of it might

be admissible as a circumstance against the accused. *The statement of the officer that it belonged to the appellant would not be admissible against the accused.* In the condition of the record, this court could not make any authoritative statement with reference to the admissibility of the finding of the articles. That is a matter which would be referable to the judgment of the trial judge in the event the question arose upon another trial. The bill is not artfully drawn and does not segregate the objectionable opinion of the officer from the finding of the stolen articles. As an examination of the matter will be more comprehensive upon another trial, we feel unable and unwilling to be more definite touching the subject matter.

The motion for rehearing is overruled.

*Overruled.*