ALBERT GILES v. THE STATE.

No. 19278. Delivered January 12, 1938.

The opinion states the case.

*Leo Darley,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of unlawfully receiving and concealing stolen property over the value of $50 and his punishment was assessed at confinement in the state penitentiary for a term of seven years.

The indictment in substance charges that on or about the 26th day of March, 1937, Albert Giles in Hunt County, Texas, did then and there fraudulently receive from a person, to the grand jurors unknown, ten suits of clothes of the aggregate value of $100, and did then and there receive and conceal said property, knowing the same to have been stolen, etc.

The record shows that on the night of March 26, 1937, some person by force entered the store of Perkins Brothers, located at Commerce in Hunt County, Texas, and took therefrom, ten men's suits, each of the value of more than $10. Three days later the officers of the City of Dallas, who had been notified of the burglary and theft, went to the room which appellant had theretofore engaged and knocked on the door; receiving no response, they opened the door with a skeleton key, saw quite a number of new suits, and then secreted themselves in said room to await the arrival of the occupant. In a short time the appellant and two companions came into the room and the officers arrested appellant. The suits found in the room were identified as those taken from Perkins Brothers Store at Commerce by a card carrying cost and sales price, by lot number and by the name of Perkins Brothers which was sewed on the inside of the coats. The State offered in evidence an indictment returned by the grand jury of Hunt County on the 16th day of April, charging Harlan Lindsay with having committed said

burglary, and showed that he had been tried and convicted of said offense.

Appellant did not testify or offer any defense. His contention here, as it was in the court below, is that the evidence is not sufficient to authorize and sustain his conviction of the offense charged, because there is no evidence that he received the stolen suits from Harlan Lindsay. The unexplained recent possession of stolen property would be a circumstance tending to show that he was guilty of burglary, or at least that he and Harlan Lindsay acted together in burglarizing the store and stealing the clothing. The mere fact that Lindsay was convicted of having at night forcibly entered Perkins Brothers' Store does not preclude the presumption, arising from the unexplained possession of recently stolen property, that appellant was an accomplice or principal in the commission of the offense of burglary. See Murphy v. State, 95 S. W. (2d) 133.

By bill of exception number one, appellant complains of the action of the trial court in admitting in evidence what the officers found in appellant's room by making a search thereof in his absence and without a warrant. We do not believe that the testimony was admissible. There is not sufficient evidence showing probable cause for a search without a warrant under Art. 325, C. C. P. Appellant had engaged this room from the lady who was running a rooming house; it appears that he slept there at night and that this was his abode at the time. The officers had no legal right to enter the same without reasonable grounds to suppose that the property stolen was within said room, or without a search warrant; consequently, the facts obtained by reason thereof could not be offered in evidence under Art. 727a, C. C. P. A room occupied by a defendant as a place of abode is protected from illegal search and evidence obtained by a search of said premises without a warrant is inadmissible. See Billups v. State, 31 S. W. (2d) 821; Craft v. State, 295 S. W., 617; Gorman v. State, 296 S. W., 533.

The venue in this case was properly laid in Hunt County under Article 200, C. C. P. See Wright v. State, 71 S. W. (2d) 530.

For the error herein discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.