AUDREY LEE WILLIAMSON V. STATE

No. 25556. December 12, 1951.

Hon. Dean Gauldin, Judge Presiding.

*Travis Kirk and Z. E. Coombes,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts* and *John Grant,* Assistants Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for keeping a bawdy house; the punishment, a fine of $200 and 20 days in jail.

The Talley Hotel occupied the second floor of the building at 2936½ Elm Street in the city of Dallas. It bore the general reputation of being a bawdy house. Appellant was the manager of the hotel and resided in one of the rooms.

The state was permitted to show that over a period of two years prior to April 29, 1951, girls had been from time to time arrested in the hotel as prostitutes. The girls so arrested bore the general reputation of being prostitutes.

On the night of April 29, 1951, policemen of the city of Dallas went to make an investigation and routine check of the hotel. They found four girls and appellant there. Two of the girls were discovered in separate rooms with men, each of whom was only partially clad. There were found in some of the girls' rooms and in the bathroom douche bags and lubricating jelly. A search of the room occupied by appellant as her place of residence revealed, among other things, a douche bag and a box of contraceptives.

All of the officers admitted that at no time had they ever seen any acts of sexual intercourse at the hotel; there was no direct testimony from any source that any of the girls found in the hotel had engaged in acts of sexual intercourse. There was not any testimony that any of the girls had been convicted of being or paid a fine as a prostitute.

The conviction rests upon these facts, which appellant challenges as insufficient to support the conviction. She did not testify as a witness in her own behalf.

It had been the long and continued holding of this court that reputation, alone, is not sufficient to show that a house is one of prostitution within the meaning of that term as used in defining a bawdy house. Art. 510, P. C.; Smith v. State, 123 Tex.

Cr. R. 93, 57 S. W. 2d 846; Gibson v. State, 144 Tex. Cr. R. 263, 162 S. W. 2d 703; Crowell v State, 147 Tex. Cr. R. 299, 180 S. W. 2d 343. In recognition of the rule stated, the trial court instructed the jury in accordance therewith.

It is also equally well settled that general reputation is not alone sufficient to show that a woman is a prostitute. Gibson v. State, supra; Levy v. State, 84 Tex. Cr. R. 493, 208 S. W. 667; Cox v. State, 84 Tex. Cr. R. 49, 205 S. W. 131; Cross v. State, 85 Tex. Cr. R. 430, 213 S. W. 638; 17 Am. Jur., Sec 17, pp. 117-118. The trial court did not instruct the jury in accordance with this rule, nor was he requested so to do by the appellant.

The rules just stated are basically sound, because reputation, being an expression of opinion based upon hearsay, could not establish as a fact that to which the reputation related.

The definitions the trial court gave to the terms, "prostitute" and "prostitution," are as follows:

"By the term 'Prostitution' as used in this charge is meant woman who, indiscriminately, consorts with men for hire.

"By the term 'Prostitution' as used in this charge is meant the act or practice of a woman, who, indiscriminately, permits men, for a price, to have sexual intercourse with her."

Each of the terms embodies two essential elements, which are: the indiscriminate acts of sexual intercourse and the commission of such acts for pay or hire.

It was incumbent, therefore, for the state to establish, directly or circumstantially, these two essential elements. There being no direct testimony upon the subject, the state must rely upon circumstantial evidence. One of the cardinal principles touching the sufficiency of circumstantial evidence is that an inference based upon an inference will not suffice. Also the circumstances relied upon must exclude every other reasonable hypothesis except the guilt of the accused and must go further than to raise a probability of suspicion.

In connection with these rules, attention is called to the fact that four girls were found in the house at the time of the raid, two of whom, the circumstances indicated, were about to engage or had recently engaged in acts of sexual intercourse. Upon the trial of this case, the officers gave the names of the

two men found with the girls. These men were known, therefore, to the officers. Notwithstanding these facts, none of the girls or the men mentioned was called upon to testify upon the trial of the case. If the women were prostitutes or had been convicted as such, the testimony of these persons would, of necessity, have been material upon that question. Not having introduced or accounted for the failure to introduce these persons as witnesses, the inference is that their testimony would have been against the state.

We are constrained to agree that the facts are insufficient to support the conviction. The case of Gibson v. State, supra, is authority for this conclusion.

In view of another trial, the testimony touching the search of appellant's room should not be received. It was her private residence and came under the protection prohibiting unreasonable searches and seizures. Giles v. State, 133 Tex. Cr. R. 454, 112 S. W. 2d 473. It must be remembered that the law does not authorize the search of one's private residence upon probable cause.

For the reasons stated, the judgment is reversed and the cause is remanded.

Opinion approved by the court.