**I N   T H E**

**COURT OF CRIMINAL APPEALS OF TEXAS**

ORIGINAL

JAMARIOS LECHRISTOPHER CANTON,

-vs-

THE STATE OF TEXAS,

FILED IN
COURT OF CRIMINAL APPEALS

JUN 03 2015

Abel Acosta, Clerk

ON PETITION SEEKING DISCRETIONARY REVIEW
OF COURT OF APPEALS NO. 12-12-00118-CR FROM THE
COURT OF APPEALS FOR THE TWELFTH COURT OF APPEALS DISTRICT
AFFIRMING THE CONVICTION AND SENTENCE IN
TRIAL COURT CASE NO. F1017409 OUT OF
THE 145th JUDICIAL DISTRICT COURT OF NACOGDOCHES COUNTY

**PETITION FOR DISCRETIONARY REVIEW**

JAMARIOS L. CANTON, pro se-
Robertson Unit, TDCJ No. 1771951
12071 FM 3522
Abilene, Texas  79601

Appellant-Petitioner

SCANNED
(CCA)



# TABLE OF CONTENTS

**SECTION**                                                                                  **PAGE**

INDEX OF AUTHORITIES............................................................ii

STATEMENT REGARDING ORAL ARGUMENT...............................................iv

STATEMENT OF THE CASE...........................................................v

STATEMENT OF PROCEDURAL HISTORY.................................................v

GROUNDS FOR REVIEW.............................................................1

ARGUMENT AND AUTHORITIES.......................................................2

    THE COURT OF APPEALS APPLIED THE WRONG STANDARD OF REVIEW............2

    THE COURT OF CRIMINAL APPEALS' DECISION IN **BROOKS v. STATE** IS WRONG.....2

CONCLUSION.....................................................................6

PRAYER FOR RELIEF.............................................................6

VERIFICATION BY UNSWORN DECLARATION...........................................7

CERTIFICATE OF SERVICE........................................................7

APPENDIX......................................................................8

    OPINION OF THE TWELFTH COURT OF APPEALS -- TYLER, TEXAS
    Not Reported in S.W.3d, _____ WL_____, _____ Tex.App. LEXIS _____

    JUDGMENT OF THE TWELFTH COURT OF APPEALS -- December 20, 2012

# INDEX OF AUTHORITIES

**FEDERAL CASES**                                              **PAGE**

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979)............... passim

Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211 (1982)................... passim

United States v. Schorr, 462 F.2d 953 (5th Cir. 1972)...................... 4

Winship; In re, 397 U.S. 358, 90 S.Ct. 1068 (1970)........................ 2

**STATE CASES**                                               **PAGE**

Alexander v. State, 740 S.W.2d 749 (Tex.Crim.App. 1987)..................... 3

Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010)................... passim

Cardenas v. State, 30 S.W.3d 384 (Tex.Crim.App. 2000)....................... 3

Citizens National Bank v. Allen Rae Investments, Inc.,
    142 S.W.3d 459 (Tex.App.- Fort Worth 2004) ................................. 4

Clewis v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996)................... passim

Conner v. State, 67 S.W.3d 192 (Tex.Crim.App. 2001)....................... 4

Dewberry v. State, 4 S.W.3d 735 (Tex.Crim.App. 1999)....................... 4

Fisher v. State, 851 S.W.2d 298 (Tex.Crim.App. 1993)...................... 2, 3

Garcia v. State, 919 S.W.2d 370 (Tex.Crim.App. 1994)....................... 4

Grant v. State, 989 S.W.2d 428 (Tex.App.- Houston [14th Dist.] 1999)....... 4-5

Green v. State, 840 S.W.2d 394 (Tex.Crim.App. 1992)....................... 4

Guevara v. State, 152 S.W.3 45 (Tex.Crim.App. 2004)....................... 3, 4

Hall v. State, 86 S.W.3 235 (Tex.App.- Austin 2002) ..................... 4-5

Hammerly Oaks, Inc. v. Edwards, 958 S.W.2d 387 (Tex. 1997).................. 4

J.M.C.D.; In re, 190 S.W.3d 779 (Tex.App.- El Paso 2006)................. 4-5

Johnson v. State, 871 S.W.2d 183 (Tex.Crim.App. 1993)...................... 4

Jones v. State, 944 S.W.2d 642 (Tex.Crim.App. 1996)....................... 3

King v. State, 29 S.W.3d 556 (Tex.Crim.App. 2000)......................... 3

Lee v. State, 152 Tex.Crim. 401, 214 S.W.2d 619 (1948)..................... 4

Louis v. State, 159 S.W.3d 236 (Tex.App.- Beaumont 2005) ................. 4-5

## STATE CASES (continued)               PAGE

Marathon Corp. v. Pitzner, 106 S.W.3d 724 (Tex. 2003)........................ 4

Margraves v. State, 34 S.W.3d 912 (Tex.Crim.App. 2000)...................... 3

Matson v. State, 819 S.W.2d 839 (Tex.Crim.App. 1991)....................... 4

Moreno v. State, 755 S.W.2d 866 (Tex.Crim.App. 1988)....................... 3

Narvaiz v. State, 840 S.W.2d 415 (Tex.Crim.App. 1992)...................... 3

Roberson v. State, 16 S.W.3d 156 (Tex.App.- Austin 2000) ................... 3

Rodriguez v. State, 939 S.W.2d 211 (Tex.App.- Austin 1997) ................. 3

Sanders v. State, 119 S.W.3d 818 (Tex.Crim.App. 2003)...................... 3

Sharp v. State, 707 S.W.2d 611 (Tex.Crim.App. 1986)........................ 3

Urbano v. State, 837 S.W.2d 115 (Tex.Crim.App. 1992)...................... 4-5

Ward v. State, 143 S.W.3d 271 (Tex.App.- Waco 2004) ....................... 3

Ware v. State, 62 S.W.3d 344 (Tex.App.- Fort Worth 2001)................... 4

Williams v. State, 692 S.W.2d 671 (Tex.Crim.App. 1984)..................... 3

Williamson v. State, 156 Tex.Crim. 520, 244 S.W.2d 202 (1951).............. 4

## CONSTITUTION, STATUTES, CODES, AND RULES       PAGE

U.S. CONST., amend. XIV........................................... 3

TEXAS PENAL CODE § 2.01 .......................................... 2-3

## STATEMENT REGARDING ORAL ARGUMENT

Jamarios LeChristopher Canton, Petitioner **pro se** in this case, believes that oral argument will be absolutely necessary for being able to fully explain the underlying reasons that this Court's **Brooks v. State** opinion and decision is patently incorrect and flawed where it was contrary to the Supreme Court of the United States' holding and decision handed down in **Tibbs v. Florida,** 457 U.S. 31, 102 S.Ct. 2211 (1982). This issue is central and crucial to the Court of Appeals' erroneous reading and application of **Jackson v. Virginia,** 443 U.S. 307, 99 S.Ct. 2781 (1979), and this Court's intended purposes behind its **Clewis v. State** decision.

In the event that this Court determines that oral argument is necessary, Petitioner respectfully moves the Court to invite the attorney who briefed the appeal in the court below, to participate on Petitioner's behalf in presenting oral argument.

_____
JAMARIOS L. CANTON

## STATEMENT OF THE CASE

Petitioner Jamarios Canton ("Canton") was indicted on February 19, 2010, for one count of aggravated assault with a deadly weapon in Cause No. F1017409 in the 145th Judicial District Court of Nacogdoches County, Texas. Contained within the indictment was an enhancement paragraph alleging that Canton had previously been convicted of attempted robbery in 1995. The case was called for trial on February 27, 2012, at which time both sides were present and announced ready for trial, and a jury was then selected and empaneled. Trial began on March 5, 2012, and after all of the evidence had been presented, and the prosecution, and defense, closed and rested, the jury found Canton guilty the next day, on March 6, 2012. That same day, the jury heard evidence and argument on punishment. The jury's verdict found the enhancement paragraph "True," and sentenced Canton to life imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ").

The Twelfth Court of Appeals at Tyler, Texas, affirmed the conviction and sentence, overruling Canton's sole issue he urged on appeal, which was that the evidence was legally and factually insufficient to support a guilty verdict and rejected Canton's factually insufficient ground in light of **Brooks v. State**, 323 S.W.3d 893 (Tex.Crim.App. 2010)(plurality op.)(holding that the legal sufficiency standard enunciated in **Jackson v. Virginia** is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt).

## STATEMENT OF PROCEDURAL HISTORY

This case was tried in the 145th Judicial District Court of Nacogdoches County, Texas, before the Honorable Campbell Cox, II, in which a guilty verdict was returned by the jury on March 6, 2012. Following the verdict on guilt, the jury sentenced Canton to life imprisonment in the TDCJ. Canton then perfec-

ted a timely appeal, submitting his Brief of Appellant on July 9, 2012; thereafter, on July 18, 2012, the State filed its Brief of Appellee. The case was submitted to the appellate panel on August 23, 2012, with the opinion being delivered, and the Judgment rendered, on December 20, 2012.

On January 16, 2013, Canton submitted his First Motion For Extension Of Time To File Petition For Discretionary Review; and his Motion For Suspension Of Rule[ 9.3(b) of the Texas Rules of Appellate Procedure]. Both motions were granted by the Court: Rule 9.3(b) was suspended, and Canton was granted the extension of time and given up to, and including, Friday, March 22, 2013, to file this instant petition. The Certificate of Service attached hereto certifies that this petition was deposited into the prison's internal Legal Mail System, under the Prison Mailbox Rule, for mailing to the Clerk of the Court of Criminal Appeals, on Friday afternoon, March 22, 2013.

## GROUNDS FOR REVIEW

As required by the Texas Rules of Appellate Procedure, Canton indicates the specific rule provisions under which he asks that the Court of Criminal Appeals to review the Court of Appeals' decision and judgment, where it:

- A. Conflicts with other opinions of other courts of appeals [Tex.R.App.P. Rule 66.3(a)].

- B. Has decided an important question of state and federal law in such a way that it conflicts with applicable decisions of the Court of Criminal Appeals, and the Supreme Court of the United States [Tex.R.App.P. Rule 66.3(c)].

- C. The Court of Appeals' decision had been based upon an erroneous decision in **Brooks v. State,** in which the Court of Criminal Appeals had incorrectly overruled and abrogated its insufficiency of the evidence standard that the Court had enunciated in **Clewis v. State,** where the **Clewis** Court had based its two-pronged insufficiency of evidence standards on (1) **Jackson v. Virginia** for "legal insufficiency" challenges; and on (2) **Tibbs v. Florida,** for challenges that are directed at the **weight** of the evidence, a standard that over the years following **Clewis** and its progeny of cases, had eventually been recharacterized as a "**factual** insufficiency" standard, instead of the "**weight of evidence**" standard that had originally been intended by the **Clewis** Court [Tex.R. App.P. Rule 66.3(f)].

Specifically, the Court of Appeals' decision requires review by the Court of Criminal Appeals for determining--

- 1. Whether the Court of Criminal Appeals should revisit **Brooks v. State,** 323 S.W.3d 893 (Tex.Crim.App. 2010), for determining if **Clewis** had originally mandated that (1) "legal insufficiency" challenges were to be reviewed under **Jackson v. Virginia;** whereas (2), "factual insufficiency" challenges were to be reviewed under **Tibbs v. Florida** as a challenge regarding the "weight of the evidence."

- 2. Should grounds on appeal that challenges the evidence's legal **and** factual sufficiency, be strictly construed as such, or should they be recognized as grounds challenging the evidence's legal sufficiency and its **weight,** as required by **Tibbs v. Florida?**

-1-

## ARGUMENT AND AUTHORITIES

In **Clewis v. State**, 922 S.W.2d 126 (Tex.Crim.App. 1996), this Court had authorized a two-pronged review of evidence utilizing **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781 (1979), when examining the legal sufficiency of the evidence, and **Tibbs v. Florida**, 457 U.S. 31, 102 S.Ct. 2211 (1982), for review of the weight of the evidence. This evidentiary standard of review has served the State well for almsot fifteen years. However, in **Brooks v. State**, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010)(plurality op.), the Court has now concluded that the Supreme Court of the United States was incorrect in its **Tibbs'** decision in which the Supreme Court had "explained the difference between reversals based on evidentiary sufficiency ... and reversals based on evidentiary weight (i.e., factual-sufficiency)...." **Brooks v. State**, 323 S.W.3d at 899-900, n.14 (citing **Tibbs**, 457 U.S. at 38 n.11, 102 S.Ct. 2211). **Tibbs** mandated that evidentiary sufficiency reviews were to be conducted under **Jackson v. Virginia**, and that matters concerning the "weight of the evidence" were to be conducted under a different standard of review. The long line of the **Clewis** line of cases calls into question the correctness of this Court's **Brooks** rationale and its conclusion that now, both prongs of an evidence inquiry -- its legal sufficiency and its weight -- are to be reviewed **only** under **Jackson v. Virginia**, instead of the two-pronged review utilizing **both**, **Jackson** and **Tibbs**.

Why did the Supreme Court of the United States determine that the weight of the evidence was to be reviewed under a different standard that reviews concerning the evidence's legal sufficiency? The due Process Clauses of the Texas and United States constitutions requires that every criminal conviction is to be supported by evidence that a rational trier of fact could accept as being sufficient to prove all of the elements of the charged offense beyond a reasonable doubt. **See In re Winship**, 397 U.S. 358, 364, 90 S.Ct. 1068 (1970); **Fisher v. State**, 851 S.W.2d 298, 302 (Tex.Crim.App. 1993); **see also** TEX. PENAL CODE

-2-

ANN. §2.01 (Vernon 2009); **Ward v. State**, 143 S.W.3d 271, 274 (Tex.App.-Waco 2004, pet. ref'd). Under the Due Process Clauses, the task of a reviewing court is to consider all of the evidence in the light most favorable to the verdict, and determine if any rational trier of fact could have found beyond a reasonable doubt, all of the essential elements of the offense. **See Jackson v. Virginia**, 443 U.S. at 319, 99 S.Ct. 2781; **Sanders v. State**, 119 S.W.3d 818 (Tex. Crim.App. 2003); **Cardenas v. State**, 30 S.W.3d 384, 389-90 (Tex.Crim.App. 2000). Reviewing courts are not fact-finders, the role of the courts is that of a Due Process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. **See Moreno v. State**, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). "If, based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal." **Fisher**, 851 S.W.2d at 302 (quoting **Narvaiz v. State**, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992); **see also Guevara v. State**, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). The sufficiency of the evidence is determined from the cumulative effect of all the evidence; each fact in isolation need not establish the guilt of the accused. **See Alexander v. State**, 740 S.W.2d 749, 758 (Tex.Crim.App. 1987); **Roberson v. State**, 16 S.W.3d 156, 164 (Tex.App.-Austin 2000, pet. ref'd). In analyzing a challenge to the legal sufficiency of the evidence, a reviewing court does not reevaluate, disregard, or weigh the evidence. **See King v. State**, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000); **Rodriguez v. State**, 939 S.W.2d 211, 218 (Tex.App.-Austin 1997, no pet.). The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the weight to be given the testimony and may accept or reject all or any part of a witness' testimony. **See Margraves v. State**, 34 S.W.3d 912, 919 (Tex.Crim. App. 2000); **Jones v. State**, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996); **Sharp v. State**, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986); **Williams v. State**, 692 S.W.2d 671, 676 (Tex.Crim.App. 1984). The verdict may not be overturned unless it is

irrational or unsupported by proof beyond a reasonable doubt. **See Matson v. State**, 819 S.W.2d 839, 846 (Tex.Crim.App. 1991); **Ware v. State**, 62 S.W.3d 344, 349 (Tex.App.- Fort Worth 2001, pet. ref'd).

But a review to determine whether a jury accorded the <u>correct</u> and <u>proper</u> **weight** to the evidence, in regard to a fact of consequence, is an entirely different matter. This is because in some situations the jurors do not know what weight is to be given to certain types or classes of evidence; and that is why the Supreme Court had held that when matters concerning the evidentiary weight arise (i.e., its factual sufficiency), the appellate court may be drawn into questions of reliability and credibility. **See Tibbs v. Florida**, 457 U.S. at 38 n.11, 102 S.Ct. 2211. In evaluating all of the evidence, a court must consider all of it, rightly or wrongly admitted, that the fact finder was permitted to consider. **See Conner v. State**, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001); **Dewberry v. State**, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999); **Garcia v. State**, 919 S.W.2d 370, 378 (Tex.Crim.App. 1994); **Johnson v. State**, 871 S.W.2d 183, 186 (Tex. Crim.App. 1993). The standard of review concerning the weight of the evidence is the same for both direct and circumstantial evidence. **See Guevarra**, 152 S.W. 3d at 49; **Green v. State**, 840 S.W.2d 394, 401 (Tex.Crim.App. 1992). A jury may not reasonably infer an ultimate fact from meager circumstantial evidence, none more probable than another. **See Hammerly Oaks, Inc. v. Edwards**, 958 S.W.2d 387, 392 (Tex. 1997). With regard to the weight of the evidence in circumstantial evidence cases, one inference cannot be based upon another inference to reach a conclusion or to sustain a conviction. **See United States v. Schorr**, 462 F.2d 953, 959 (5th Cir. 1972); **Williamson v. State**, 156 Tex.Crim. 520, 244 S.W.2d 202, 204 (1951); **Lee v. State**, 152 Tex.Crim. 401, 214 S.W.2d 619, 622 (1948). The stacking of one inference upon another is not considered to be evidence. **Marathon Corp. v. Pitzner**, 106 S.W.3d 724, 728 (Tex. 2003); **Citizens National Bank v. Allen Rae Investments, Inc.**, 142 S.W.3d 459, 482 (Tex.App.-Fort Worth 2004, no pet.)(opinion on reh'g). Proof that amounts to only a strong suspicion or a

-4-

mere probability of guilt is insufficient to sustain a conviction. **See Urbano v. State**, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992); **In re J.M.C.D.**, 190 S.W.3d 779, 781 (Tex.App.- El Paso 2006, no pet.); **Hall v. State**, 86 S.W.3d 235 (Tex. App.- Austin 2002, pet. ref'd); **Grant v. State**, 989 S.W.2d 428, 433 (Tex.App.- Houston [14th Dist.] 1999, no pet.). If circumstantial evidence provides nothing more than a suspicion, the jury is not permitted to reach a speculative conclusion. **See Louis v. State,** 159 S.W.3d 236, 246 (Tex.App.-Beaumont 2005, pet. ref'd). The weight that is to be accorded evidence under the **Tibbs'** standard is a question of law that permits an inquiry into the evidence's factual sufficiency. **See** 457 U.S. at 42, 102 S.Ct. 2211 (under a factual sufficiency review, the reviewing court views the evidence in a "neutral light" where the court is not required to defer to the jury's credibility and weight determinations).

If cases such as the foregoing are to be reviewed only for legal sufficiency under **Jackson v. Virginia** only, then the chance is very great that there will be an awful lot of defendants who will remain in prison because the Texas justice system will have failed them where the jury had given great weight to evidence that should have been accorded very little weight, or none at all, but it was evidence that was legally sufficient under **Jackson.** An example of cases in this category would be those in which DNA later proves the defendant was innocent of the crime; but he had been convicted, and his conviction affirmed on appeal, because the evidence convicting him had been legally sufficient. If it were not for Chapter 64 of the Code of Criminal Procedure, there are many that would still be confined in prison, with the exception, that is, of those who would have already been executed for a crime they had not committed. It is the factual sufficiency standard that is the only means available to defendants for which DNA testing is not an option or is unavailable. In these circumstances, the courts have an affirmative duty -- the conviction must be overturned and an order of acquittal entered. **Tibbs v. Florida,** 457 U.S. at 41, 102 S.Ct. at 2218.

-5-

The Court of Criminal Appeals' **Brooks** holding is internally contradictory and is inconsistent with, and contrary to, the Supreme Court's **Tibbs** holding. First, the **Brooks** Court rationalizes that the legal-sufficiency standard of **Jackson** is "indistinguishable" from the factual-sufficiency standard of **Tibbs**. **Brooks**, 323 S.W.3d at 901 (emphasis added). But then, throughout the **Brooks** opinion, the Court points out those very important areas of difference underlying the Supreme Court's reasons for holding that the fact-finders were not to be accorded deference when reviewing the evidence's factual-sufficiency or its weight. The Court of Criminal Appeals has essentially chunked binding Supreme Court precedent into the toilet, and the Court's action should be reconsidered.

## CONCLUSION

The Court of Criminal Appeals has discarded the factual sufficiency standard that had been premised upon the Supreme Court's **Tibbs v. Florida** decision, and has chosen to retain **ONLY** the Supreme Court's **Jackson v. Virginia** legal sufficiency standard. So as to prevent any occurrences of manifest injustices, i.e., incarcerating persons who are actually innocent, the Court should revisit not only **Brooks**, but **Clewis** and its entire progeny of cases. After a thorough analysis, this Court should determine that the factual-sufficiency, weight-of-the-evidence standard, should be restored.

## PRAYER FOR RELIEF

Petitioner Jamarios Canton prays this Honorable Court will conclude that it was error for the factual sufficiency, weight-of-the-evidence, standard not to be applied by the Court of Appeals when reviewing his case, as required by justice; and will order that the issue be briefed and submitted to the Court of Criminal Appeals. Alternatively, the Court should find it appropriate to dispose of this case by sending it back to the Court of Appeals to reconsider the factual sufficiency question under a proper application of the **Tibbs v. Florida** standard.

Respectfully submitted,

_Jamarion Canton_
JAMARIOS L. CANTON, Petitioner
Robertson Unit, TDCJ No. 1771951
12071 FM 3522
Abilene, Texas  79601

## VERIFICATION BY UNSWORN DECLARATION

I, Jamarios L. Canton, TDCJ-CID No. 1771951, being presently incarcerated at the Robertson Unit of the Correctional Insitutions Division of the Texas Department of Criminal Justice, located in Jones County, Texas, declares under penalty of perjury that the foregoing is true and correct.

EXECUTED on this, the TWENTY-FIRST day of MARCH, 2013.

_Jamarion Canton_
JAMARIOS L. CANTON

## CERTIFICATE OF SERVICE

I, Jamarios L. Canton, Petitioner **pro se**, do hereby certify that a true and correct carbon copy of the above and foregoing PETITION FOR DISCRETIONARY REVIEW, has been served on the following individuals by regular U.S. Postal Service first class mail, by depositing same enclosed in a postpaid, properly addressed wrapper, into the prison's internal Legal Mail System, under the Prison Mailbox Rule, on the TWENTY-SECOND day of MARCH, 2013, addressed to:

Ms. Nicole Lostracco, Esq.
Nacogdoches County District Attorney's Office
Nacogdoches County Courthouse
101 West Main Street, Suite 250
Nacogdoches, Texas  75961

And to:

State Prosecuting Attorney
Court of Criminal Appeals Building
P.O. Box 12405 -- Capitol Station
Austin, Texas  78711-2405

_Jamarion Canton_
JAMARIOS L. CANTON

-7-

# A P P E N D I X

| JAMARIOS LECHRISTOPHER CANTON, | § | APPEAL FROM THE 145TH |
| APPELLANT | | |
| | | |
| V. | § | JUDICIAL DISTRICT COURT |
| | | |
| THE STATE OF TEXAS, | | |
| APPELLEE | § | NACOGDOCHES COUNTY, TEXAS |

## MEMORANDUM OPINION

Jamarios LeChristopher Canton appeals his conviction for aggravated assault with a deadly weapon. In his sole issue on appeal, he alleges that the evidence is legally and factually insufficient to support the jury's guilty verdict. We affirm.

## BACKGROUND

On January 10, 2012, in the early morning hours, the Nacogdoches Police Department (NPD) received a 911 call from a woman who said that she had been stabbed and that the assault occurred in the 1000 block of First Street in Nacogdoches, Texas. Several officers from the NPD, including Corporal Charles Cain, responded and located a woman on the ground lying in a pool of blood. The victim, Tone Curl, appeared to be fading in and out of consciousness. When she was asked who had "done this," she responded with the name "Chris." Police located the handle to a knife on the ground near the victim. After the victim was rolled over, the police found the blade to the knife underneath where she had been laying.

During the investigation, Corporal Cain received information from Appellant's mother, saying that he was in a nearby housing project and that, according to Corporal Cain, Appellant said

he was "waiting there for officers to come and kill him basically." From a separate caller, NPD received information that Appellant was obtaining a ride back to the scene. When Appellant arrived, they noticed that he appeared to be under the influence of a narcotic, that he was aggressive, and that he was unable to answer any questions. The officers visually observed that Appellant's clothes and shoes were covered in blood, and that his hands were "caked" in blood, but he did not appear to have any wounds himself. Since he was not cooperative, could not answer questions, and did not appear to understand his rights as they were read to him, the police arrested him based on their observations. While the police were making the arrest, Appellant voluntarily said to the officers, "Made me do it." Appellant was later charged and indicted for the offense, which was enhanced due to a prior offense he had committed.

Darren Martin is a twenty-three year old family friend of Appellant and his mother who often stayed overnight at the home. Martin testified that he and Appellant were at the home of Appellant's mother on the night of the assault. Curl, an acquaintance of Appellant's mother, went to the home to discuss whether Appellant's mother knew the whereabouts of the mother's sister, who was Curl's close friend.[1] Martin told Curl that Appellant's mother was not home and he thought Curl left. Martin testified that Appellant was no longer in the living room at that point, but that he believed he was still inside the home. Martin went to another room, and when he came back, he could see, through the screen door, that Appellant was outside sitting or standing next to the victim as she lay moaning on the ground. Martin stated that he was scared and in shock. Appellant entered the home, grabbed Martin, and held him on his lap, saying that he "wasn't going to go down for this, like, by his self."

Martin's uncle, Cory Flemon, who also knew Appellant, testified that he happened to be driving by the scene when he saw Appellant making stabbing motions, and kicking and stomping on something. Flemon testified that Appellant looked up, saw him, and then ran into the home. Flemon, who was concerned for his nephew's safety, exited the car and gave chase. He entered just as Appel-

---

[1] Curl testified that she had never met Appellant.

2

lant indicated that he would not be "going down" for this by himself. Flemon grabbed Martin, and told him to leave and call 911. Martin left to find Appellant's mother, but never called 911. Flemon also left, but did not call 911 because he was afraid that he would be falsely accused of the crime due to his own criminal history. Although she did not know Appellant, the victim testified that as she was being attacked, she learned the name of her assailant because she heard the peron later identified as Martin saying, "Stop it, Chris. Stop it." A Texas Department of Public Safety (DPS) DNA analyst testified that she tested blood samples found on Appellant's clothes and shoes, which showed that the blood belonged to Curl.

The jury found Appellant guilty of the offense, and the enhancement to be true, and assessed a sentence of imprisonment for life. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant argues that the evidence is insufficient to support the jury's guilty verdict because the State failed to prove that he was the perpetrator of the assault on Curl.[2]

### Standard of Review

Under the single sufficiency standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); **see also Brooks v. State**, 323 S.W.3d 893, 899 (Tex.Crim.App. 2010). We defer to the trier of fact's responsibility to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. **Jackson**, 443 U.S. at 319, 99 S.Ct. at 2789. "A court faced with a record of historical facts that supports conflicting inferences must presume—

---

[2] Appellant invokes both legal and factual sufficiency review of the evidence. The Texas Court of Criminal Appeals has held that the legal sufficiency standard enunciated in **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781, 61 L. Ed. 2d (1979), is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. **See Brooks v. State**, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010)(plurality op.). We will review the evidence under the **Jackson** standard.

-3-

even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution...." **Id.**, 443 U.S. at 326, 99 S.Ct. at 2793. Appellate courts do not reevaluate the weight and credibility of the evidence; they only ensure that the jury reached a rational decision. **Laster v. State**, 265 S.W.3d 512, 517 (Tex.Crim.App. 2009).

Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. **Hooper v. State**, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. **Id.**

## Applicable Law

A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes serious bodily injury to another or uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a) (West 2011). The state is required to prove beyond a reasonable doubt that the accused is the person who committed the crime charged. **Johnson v. State**, 673 S.W.2d 190, 196 (Tex.Crim.App. 1984). The identity of a perpetrator in an assault case may be proven by either direct or circumstantial evidence. **See Earls v. State**, 707 S.W.2d 82, 85 (Tex.Crim.App. 1986) (en banc). The jury may use its common knowledge and experience to make inferences in determining whether the evidence establishes the defendant as the perpetrator of the alleged crime. **See Roberson v. State**, 16 S.W.3d 156, 167 (Tex. App.-Austin 2000, pet. ref'd)("[I]dentity may be proven by inferences."); **Clark v. State**, 47 S.W.3d 211, 214 (Tex.App.-Beaumont 2001, no pet.)(same) **Jones v. State**, 900 S.W.2d 392, 399 (Tex.App.-San Antonio 1995, writ ref'd)(explaining that the jury may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs of life when giving effect to inferences that may reasonably be drawn from evidence). It is up to the fact finder to decide which inferences is most reasonable. **Laster**, 275 S.W.3d at 523; **Hooper**, 214 S.W.3d at 14.

-4-

"When there is no direct evidence of the perpetrator's identity elicited from trial witnesses, no formalized procedure is required for the State to prove the identity of the accused." **Clark**, 47 S.W.3d at 214. Moreover, circumstantial evidence is not subject to a more rigorous standard of review than direct evidence, and "[f]or purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative." **Id.**

## Discussion

Appellant argues that the victim never specifically identified his as her assailant, and that there were other men named "Chris" who could have been the assailant but were never investigated. He also contends that Martin's testimony is inconsistent with the victim's testimony and should be discredited. Moreover he argues that Martin and Flemon behaved suspiciously by fleeing the scene and failing to call 911.

First, the victim is not required to make a positive identification of the defendant as the perpetrator of the alleged offense so long as other direct or circumstantial evidence of his identity exists. **See Gardner v. State**, 306 S.W.3d 274. 285 (Tex.Crim.App. 2009)(noting that eyewitness testimony implicating the defendant is not necessarily required to support a conviction).

Next. Detective Scott Weems testified that the police had been made aware of other individuals named Chris who were associated with the house, but the police remained focused on Appellant, and never investigated the information. This was because the Appellant, who went by the name of "Chris," arrived at the scene with blood all over him, acting aggressively, and said, "Made me do it." Additionally, Detective Weems testified that Martin never mentioned Cory Flemon's presence at the scene that night to law enforcement. Moreover, no blood was discovered on Martin or on any of the furniture inside the residence, even though Appellant went back inside the home after the attack. Appellant contends that since there was blood on his clothes, shoes, and hands, there should have been a transfer pattern inside the home or on the couch where he held Martin. Appellant infers from the absence of blood, coupled with their failure to call 911, that Martin and Flemon must not be telling the truth. Appellant contends

-5-

that the blood evidence was just as consistent with the theory that he attempted to aid the victim, and that the person saying "Stop it, Chris," was the actual assailant, who said those words to Appellant as he tried to help the victim. As we have stated, it is for the jury to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the evidence. **Jackson**, 443 U.S. at 319, 99 S.Ct. at 2789. Therefore, it was for the jury to decide whether Martin's and Flemon's testimony was credible, whether they took part in the assault, and what weight should be attributed to the police's alleged failure to investigate other individuals named Chris who may have had a connection to the assault.

Viewing the evidence in the light most favorable to the jury's verdict, the evidence shows that Appellant returned to the scene shortly after police arrived. His clothes were covered in Curl's blood. The victim stated that she overheard Martin say that a man named "Chris" was her assailant. Appellant goes by the name of "Chris." While detained by police, Appellant, who appeared to be under the influence of narcotics, said, "Made me do it." Martin and Flemon both testified that Appellant said he "wasn't going down for this" by himself. Flemon testified that he observed Appellant making stabbing motions in the front yard. Martin stated that he saw Appellant standing or sitting beside the victim and he knew something terrible had just occurred. In fact, the testimonies of Martin and Flemon were largely consistent. Bsed on this evidence, the jury could have reasonabvly concluded that Appellant was the perpetrator of the assault against Curl. Consequently, the evidence is sufficient to support the jury's finding of guilt.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we **affirm** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 20, 2012.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)

-6-

# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

### DECEMBER 20, 2012

### NO. 12-12-00118-CR

**JAMARIOS LECHRISTOPHER CANTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 145th Judicial District Court
of Nacogdoches County, Texas. (Tr.Ct.No. F1017409)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.